

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00192-CR

---

DANIEL SALVADOR AKA DANIEL GIRON SALVADOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 403rd District Court
Travis County, Texas[1]
Trial Court No. D-1-DC-20-203444, Honorable Brenda Kennedy, Presiding

---

May 10, 2023

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Daniel Giron Salvador, Appellant, was charged with two counts of aggravated sexual assault of a child[2] and two counts of indecency with a child by contact.[3]  A jury

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Third Court of Appeals.  *See* TEX. GOV'T CODE ANN. § 73.001.  Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE ANN. § 22.021.

[3] *See* TEX. PENAL CODE ANN. § 21.11.

convicted him on all counts and sentenced him to twenty-five years' imprisonment on the aggravated sexual assault counts and ten years' imprisonment on the indecency counts. Appellant's appointed counsel on appeal has filed an *Anders*[4] brief in support of a motion to withdraw. We affirm the judgment and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified him of his motion to withdraw; provided him with a copy of the motion, *Anders* brief, and motion to obtain the appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has filed a response setting forth its disagreement with Appellant's counsel's assessment that there are no arguable issues to raise in this appeal. The State's response summarizes the *Anders* procedure, but does not identify any arguable grounds for appeal.

---

[4] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our review of the appellate record and counsel's brief, we conclude there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

We affirm the trial court's judgment and grant counsel's motion to withdraw.[5] *See* TEX. R. APP. P. 43.2(a).

Judy C. Parker
Justice

Do not publish.

---

[5] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.